IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF KAHLIEF BRANDON MYRICK, by and through CRYSTAL BOYCE, as Administratrix, *Plaintiff* | CIVIL ACTION |
| v. | |
| 7-ELEVEN, INC., et al., *Defendants* | No. 23-829 |

### MEMORANDUM

PRATTER, J.                                                      JUNE 21, 2023

      7-Eleven removed this negligence case from Pennsylvania state court on the basis of diversity jurisdiction, asserting that the two non-diverse defendants, Janice Tangradi and William Coates, were fraudulently joined. Mr. Myrick's Estate moved to remand. Because the Court finds that there is a factual dispute as to whether Mr. Coates may be held liable under Pennsylvania law, and because all factual disputes must be resolved in favor of the party seeking remand, the Court grants the Estate's motion to remand.

### BACKGROUND[1]

      On February 17, 2021, 16-year-old Kahlief Myrick and his cousin visited a 7-Eleven in Philadelphia. While inside, Mr. Myrick was confronted by an aggressive older man who shot and killed him upon leaving the store. Crystal Boyce, as the Administratrix of Mr. Myrick's Estate, brought an action in the Pennsylvania Court of Common Pleas against 7-Eleven and The Berkun Family, LLC, the franchisee of the store in question, as well as Janice Tangradi, who served as 7-Eleven's Regional Operations Manager for the Philadelphia area, William Coates, who served as

---

[1] The facts below are taken from the Estate's Complaint, which the Court must accept as true for purposes of resolving a motion to remand. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

7-Eleven's Asset Protection Manager for Pennsylvania, and various John and Jane Doe defendants. The Estate's Complaint alleges that each of the defendants was negligent in ensuring the safety and security of the store in question, both on the day of the incident and during the preceding years, by failing to properly inspect and maintain the premises, failing to warn of dangers about which they had actual or constructive knowledge, failing to take reasonable steps to make themselves aware of criminal activity on the premises, violating company policy and procedure, failing to properly supervise and train employees, failing to monitor the premises and failing to implement proper security measures.

7-Eleven is a citizen of Texas, and The Berkun Family, LLC is a citizen of New York and Connecticut. Ms. Tangradi and Mr. Coates are citizens of Pennsylvania. Ms. Boyce, as the legal representative of Mr. Myrick's Estate, is deemed a citizen of Pennsylvania. On March 3, 2023, 7-Eleven filed a Notice of Removal to this Court, asserting that Ms. Tangradi and Mr. Coates were fraudulently joined to defeat complete diversity. The Estate filed the present Motion to Remand on March 29, 2023. The matter is fully briefed and the Court heard oral argument on May 30, 2023.

## LEGAL STANDARD

Federal courts have original subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and there exists complete diversity between the plaintiffs and defendants. 28 U.S.C. § 1332(a)(1). Where, as here, one or more defendants are citizens of the same state as one or more plaintiffs, removal is improper. Under the fraudulent joinder doctrine, however, a diverse defendant "may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).

"Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[s]'" under state law. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). The standard to evaluate whether a claim is colorable "is significantly more forgiving" than the standard for a motion to dismiss. *Freichs v. Lifestar Response Corp.*, No. 09-cv-4460, 2009 WL 3754190, at *2 (D.N.J. Nov. 5, 2009). The Court does not consider whether a claim against a non-diverse defendant is likely to succeed, nor whether the allegations, accepted as true, would state a claim; rather, the Court is limited to the jurisdictional question of whether "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the" non-diverse defendants. *Boyer*, 913 F.2d at 111 (citation omitted). If there is such a possibility, "the federal court must find that joinder was proper and remand the case to state court." *Id.* (citation omitted). On all these points, the removing party bears the "heavy burden of persuasion." *Batoff*, 977 F.2d at 851.

In making this determination, the Court focuses on the plaintiff's complaint at the time it was filed, accepting as true all factual allegations. *See Steel Valley Authority v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). And while the Court may "look to more than just the pleading allegations to identify indicia of fraudulent joinder," *In re Briscoe*, 448 F.3d at 219, it must "resolve all contested issues of substantive fact in favor of the plaintiff," *Boyer*, 913 F.2d at 111.

### DISCUSSION

For the Estate to prevail on its motion, the Court need only find that one of the non-diverse defendants was properly joined, i.e., not fraudulently joined. *See Boyer*, 913 F.2d at 111. For the

reasons set forth below, the Court finds that Mr. Coates was not fraudulently joined and so it does not reach the issue of Ms. Tangradi's joinder or that of the John and Jane Doe defendants.

According to the Complaint, Mr. Coates is an Asset Protection Manager for 7-Eleven stores located in Pennsylvania, New Jersey, and Delaware. Compl. at ¶ 24. (Doc. No. 1-3). The Complaint further alleges that by virtue of this position, Mr. Coates was responsible for the store where Mr. Myrick was killed, and that he was personally involved in negligent acts and/or omissions that led to Mr. Myrick's death. *Id.*

7-Eleven contends, however, that no state cause of action could lie against Mr. Coates because he was not, in fact, responsible for the store in question. 7-Eleven relies on Mr. Coates' affidavit, in which he states that he only worked with corporate-operated stores, rather than franchisee-operated stores like the one Mr. Myrick visited.

In response, the Estate points to a 2015 press release issued by 7-Eleven describing the joint efforts of corporate Asset Protection Managers and store franchisees. This press release describes 7-Eleven's Asset Protection Managers reviewing all robbery incidents at 7-Eleven stores and does not distinguish between corporate- and franchisee-operated stores. The Estate also points to a published interview with 7-Eleven's Vice President of Asset Protection, in which the Vice President states that, in terms of safety and crime, 7-Eleven does not treat franchises differently than company-owned stories.

There is clearly a factual dispute over whether Mr. Coates had responsibility for the franchisee-operated store where Mr. Myrick was killed. And because the Court must "resolve all contested issues of substantive fact in favor of the plaintiff," it cannot find that there is no colorable claim against Mr. Coates. *Boyer*, 913 F.2d at 111. Therefore, the Court finds that Mr. Coates was not fraudulently joined.

CONCLUSION

Because Mr. Coates was not fraudulently joined, complete diversity does not exist between the parties and this Court lacks subject matter jurisdiction. Therefore, the Court grants the Estate's motion to remand.[2] An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] Though the Court grants the Estate's motion, it does not find that 7-Eleven "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court therefore does not award costs, expenses, or attorney's fees under 28 U.S.C. § 1447(c).

5